J. W. BROWN and SHIRLEY BROWN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Brown v. Commissioner
Docket No. 7139-77.
United States Tax Court
T.C. Memo 1979-220; 1979 Tax Ct. Memo LEXIS 305; 38 T.C.M. (CCH) 886; T.C.M. (RIA) 79220; June 4, 1979
Robert S. Brown, for the petitioners. Rudolf L. Jansen, for the respondent. QUEALY
MEMORANDUM FINDINGS OF FACT AND OPINION QUEALY, Judge: Respondent determined a deficiency of $13,826 in petitioners' Federal income taxes for the taxable year 1974. The question for decision is whether a loan made to a Subchapter S corporation by a bank, payment of which was guaranteed by its principal stockholder, increased the stockholder's basis for the deduction of his pro rata share of the net operating losses of the corporation. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. Petitioners J.W. and Shirley Brown, husband and wife, filed joint original and amended income tax returns *306 for the taxable year 1974 with the District Director of Internal Revenue, Cincinnati, Ohio. At the time of the filing of the petition herein, petitioners resided in Cincinnati, Ohio. [1]
Taylor Freezer Corporation (hereinafter referred to as Taylor Freezer) is a corporation formed under the laws of the State of Ohio on August 4, 1972. The corporation was capitalized by the issuance on October 6, 1972, of 500 shares of common stock for a total consideration of $50,000 or $100 per share. The corporation filed its Federal income tax returns for the years 1972, 1973, 1974, 1975 and 1976 with the Internal Revenue Service Center, Cincinnati, Ohio. Petitioner was the controlling stockholder, president and chief executive officer of the corporation. Petitioner was responsible for the financial accounts, the corporate records, the payment of all bills, the deposits, the bank accounts and also the bookkeeping for Taylor Freezer. On October 11, 1972, Taylor Freezer and its shareholders filed a proper election for the corporation to *307 be taxed as a small business corporation under section 1372. [2] The election remained in effect during the taxable year in issue. For the taxable years 1972 to 1974, inclusive, Taylor Freezer sustained net losses as reported on its Federal income tax returns, as follows: Net Year
Loss
1972
$14,144
1973
52,787
1974
18,030
Petitioner reported on his returns his pro rata share of such losses in the following amounts: Year
Amount
1972
$12,588
1973
46,980
1974
16,047
For the taxable years 1972 and 1973, petitioner's proforma basis for the stock of and loans to Taylor Freezer, as adjusted for losses deducted for such years, was as follows: Taxable Year
Adjusted
Adjusted Ending
Computation
Stock
Indebtedness 12/31
of Basis
Basis
Basis
1972
Stock acquisition
$ 44,500
0
1972 Sub-S loss
claim of $12,588
(12,588)
0
Balance
$ 31,912
0
1973
Year ending in-
debtedness
$ 35,000
1973 Sub-S loss
claim of
$46,980
(31,912)
(15,068)
Basis $0
$ 19,932
*308 On July 18, 1974, Taylor Freezer borrowed $70,000 from the First National Bank of Cincinnati pursuant to a promissory note endorsed by petitioner and secured by his personal collateral. On July 18, 1974, Taylor Freezer, in part, used the proceeds of the $70,000 loan from the bank to repay petitioner $60,000 which he had previously loaned to the corporation. On October 9, 1974, petitioner paid to the bank $70,000 to discharge the amount owed by the corporation. The corporation treated this payment as a loan. On October 29, 1974, Taylor Freezer borrowed $75,000 from the bank pursuant to a promissory note endorsed by petitioner and secured by his collateral. The corporation used the proceeds of this loan to repay petitioner the $70,000 loaned to the corporation on October 9, 1974, and also to repay an additional $5,000 which petitioner loaned to the corporation on October 14, 1974. In addition, Taylor Freezer also paid to petitioner interest in the amount of $595.83 which was owed to him on the outstanding indebtedness. On the books and records of Taylor Freezer, the loans received from and payments made to the petitioner, including the foregoing transactions, were reflected *309 as follows: Outstanding Date
Amount of Loan
Amount of Repayment
Loan Balance
8/9/73
$25,000
$25,000
9/14/73
10,000
35,000
1/31/74
12,000
47,000
7/2/74
13,000
60,000
7/18/74
$60,000
0
10/9/74
70,000
70,000
10/14/74
5,000
75,000
10/29/74
75,000
0
During the taxable year 1975, the loan of $75,000 from the bank was repaid, as follows: 1) $10,000 was paid to the bank directly by the corporation on April 17, 1975. 2) $35,750 was paid to the bank by petitioner on April 24, 1975. 3) $14,625 was paid to the bank by David Taylor on April 24, 1975. 4) $14,625 was paid to the bank by John R. Taylor on April 28, 1975. The amounts paid by petitioner and the Taylors to the bank were treated by the corporation as loans from those shareholders. All interest payable to the bank on the $70,000 loan made on July 18, 1974, and the $75,000 loan made on October 29, 1974, to Taylor Freezer was paid and deducted by Taylor Freezer on its 1974 Federal income tax return. Petitioner claimed no interest deduction for any of the interest payments. The records maintained by the bank relating to both the $70,000 and $75,000 *310 loans indicate that the loans were made to Taylor Freezer. Respondent in his notice of deficiency determined that petitioner was not entitled to deduct $16,047 as his share of the net operating loss of the corporation under Subchapter S since the deduction of such loss is limited to the adjusted basis of petitioner's stock. As of January 1, 1974, petitioner's basis in the corporation's stock was zero, computed as follows: Basis of stock, Original Investment, 1972
$44,500.00
Operating loss, 1972 (pro rata share)
(12,588.00)
Adjusted basis, January 1, 1973
$31,912.00
Operating loss, 1973 (pro rata share)
$ (46,980.00)
Excess loss allowed on loan
15,068.00
(31,912.00)
Adjusted basis, January 1, 1974
0
Respondent further determined that petitioner realized a capital gain in the amount of $15,068 upon repayment of the loan by the corporation to the extent of the operating loss previously deducted. Gain was computed as the amount received in excess of petitioner's remaining adjusted basis in the loan. OPINION Taylor Freezer Corporation, an Ohio corporation, and its stockholders duly elected for the corporation to be taxed as a small business *311 corporation under Subchapter S. That election remained in effect during the taxable year in issue. During 1973 and 1974, petitioner loaned the corporation various amounts of money. As of December 31, 1973, the outstanding loan balance owed by the corporation to petitioner was $35,000. For the taxable years ending December 31, 1972, December 31, 1973, and December 31, 1974, Taylor Freezer sustained net operating losses in the respective amounts of $14,144, $52,787 and $18,030. On his income tax returns for the taxable years 1972, 1973 and 1974, petitioner deducted an allocable share of these losses in the amounts of $12,588, $46,980 and $16,047. Such deductions exceeded petitioner's adjusted basis for the stock of the corporation and reduced petitioner's basis in the outstanding indebtedness of $35,000 due from the corporation to an adjusted basis of $19,932. As of July 2, 1974, Taylor Freezer owed petitioner a total of $60,000, including the $35,000 carried over from the prior year. In order to liquidate this indebtedness, on July 18, 1974, the corporation borrowed $70,000 from the bank, secured by petitioner's endorsement and collateral belonging to the petitioner. The *312 corporation applied $60,000 of the proceeds therefrom to repay the indebtedness of $60,000 then owing to the petitioner. Petitioner thereby received repayment of the $35,000 of indebtedness against which petitioner had previously applied a portion of the 1973 net operating loss of the corporation. On October 9, 1974, petitioner paid the bank $70,000 to discharge the amount of the loan of $70,000 previously made by the bank to the corporation on July 18, 1974. Thereafter on October 29, 1974, the corporation borrowed the sum of $75,000 from the bank pursuant to a promissory note endorsed by petitioner and secured by his collateral, which was used to repay to the petitioner the then indebtedness of the corporation owing to him aggregating $75,000. To the extent a shareholder has utilized his share of the net operating loss of a small business corporation, section 1376(b) provides that he must reduce the basis of his investment in the corporation, adjusting first the basis of his stock (but not below zero) and then the basis of any indebtedness owed by the corporation to the shareholder (but not below zero). In this proceeding, petitioner contends that the transactions between *313 the bank and the corporation constituted, in substance, advances to or contributions by the petitioner to the corporation, thereby increasing the adjusted basis of petitioner's interest in the corporation for purpose of determining the deductibility of its losses. We fully accept petitioner's position that the form of the transactions involved herein is not necessarily controlling for tax purposes. ; ; ; . However, the arguments presented by petitioner do not justify disregarding the fact that during the taxable years 1973 and 1974 both the bank, the corporation and the petitioner chose to distinguish between loans obtained by Taylor Freezer from the bank and monies advanced by the petitioner to Taylor Freezer in order to pay such loans. The fact that petitioner endorsed the loans from the bank to the corporation does not substantiate a finding that the loan was actually made by petitioner to the corporation.See *314 ; ; ; . The true debtor in the instant case was Taylor Freezer. As of December 31, 1974, any indebtedness by the corporation to the petitioner had been discharged, including the sum of $15,068 against which petitioner had deducted a portion of the net operating loss of the corporation for the taxable year 1973. As a result of the foregoing, petitioner was not entitled to deduct additional losses. During the taxable year 1974, the petitioner was repaid a portion of the indebtedness previously utilized to cover the deduction of a portion of the net operating loss of the corporation. Petitioner realized taxable gain on account of such repayment. Decision will be entered for the respondent.
Footnotes
1. Shirley Brown is a petitioner herein only by virtue of having filed a joint return with her husband, J. W. Brown, for the year in question.↩
2. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩